PASSAIC COUNTY CIRCUIT COURT.

MARGARET ZANOWITZ, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF RUDOLPH ZANOWITZ,
PLAINTIFF, v. GEORGE COLON, DEFENDANT.

For the plaintiff, *Feder & Rinzler.*

For the defendant, *Heller & Boss.*

PORTER, J.   This matter comes before the court on an application to discharge a bail bond.

The facts are that this suit was brought against the defendant by a writ of *capias ad respondendum,* that bail was given by Michael Dubid as surety.

The affidavit on which the order for the *capias* was issued charged an outrageous assault.   The complaint alleged the assault and also negligence.   The allegation of the complaint alleges that the defendant assaulted Rudolph Zanowitz by colliding with him in an automobile accident, which automobile was negligently operated by the defendant.   Zanowitz died as a result of his injuries.   The cause was tried on January 21st, 1928, and a judgment rendered in favor of the plaintiff in the sum of $3,000 on the negligence count.

At the trial the attorney for the defendant moved to strike from the complaint the count charging "a malicious, willful, deliberate, atrocious assault and battery."   This motion was denied, but the court instructed the jury to indicate by its verdict, if for plaintiff, whether the defendant was guilty of

atrocious assault and battery or of negligence. The verdict was not guilty of atrocious assault and battery but guilty of negligence.

On February 27th, 1928, a *scire facias* was issued against the bail, and on the same date returned by the sheriff *non est inventus*.

It further appears that the defendant was indicted and convicted of manslaughter for causing the death of Zanowitz, and was, on April 12th, 1928, sentenced to a term in state prison, where he is still confined.

One of the reasons urged in support of the motion is that the bail should be discharged because the defendant was not condemned in the action. Having reached a decision on that point, the other points need not be considered.

The condition of the bond is that the bail shall pay "the costs and condemnation of this court," if "the defendant, George Colon, shall be condemned in this action." Unless he was so condemned the obligation of the bond was void.

The *capias* was issued on the charge, supported by the affidavit, of an outrageous assault. He was not condemned on that charge, but, in fact, exonerated. There could have been no *capias* issued on the negligence charge, and the fact that he was condemned on that charge only cannot enlarge the obligation of the bond to cover it. The bond, when it referred to "this action," clearly meant the action on which the *capias* was issued, viz., the outrageous assault. It did not embrace any action on which the *capias* was not, and could not, be issued.

For these reasons the motion to discharge the bail is granted.